**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.M., a Minor Child, by his Guardian Ad Litem, W.G., <br><br> Plaintiff, <br><br> v. <br><br> WALL TOWNSHIP BOARD OF EDUCATION, et al., <br><br> Defendants. | Civil Action No. 3:13-cv-4505(PGS) <br><br> **MEMORANDUM OPINION** |

**SHERIDAN, U.S.D.J.**

This matter comes before the court on defendant, State of New Jersey Department of Education's motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted [ECF No. 7]. Plaintiff's complaint, which is premised exclusively on the recovery of attorney's fees as the prevailing party in a prior action before this court, *J.M. v. Wall Township Bd. of Educ.*, No. 3:11-cv-5747 (D.N.J.) ("*J.M. I*").[1] For the reasons that follow, defendant's motion to dismiss is granted.

**FACTS AND PROCEDURAL HISTORY**

The plaintiff herein is J.M., a minor child, age sixteen. J.M.'s guardian ad litem is his

---

[1] Many of the relevant documents in that matter have been appended to plaintiffs' 2013 complaint as exhibits, and are specifically referenced therein. These documents are also intermittently referred to by their placement on the *J.M. I* docket.

1

uncle, W.G., who also acts as J.M.'s legal guardian. Compl. ¶¶ 3, 6, 7. J.M. is a classified student with an educational disability, and is eligible for the services and protections of the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1400 *et seq.* Compl. ¶ 4. The plaintiffs reside in Wall Township, New Jersey. Compl. ¶ 3. The defendants are the Wall Township Board of Education ("Wall Township"), as well as the State of New Jersey Department of Education ("DOE"). Wall Township is responsible for providing a free, appropriate, and public education ("FAPE") for children with disabilities residing within their school district. Compl. ¶ 5.

The procedural history of this matter begins with a due process petition that was filed by the plaintiffs on or about May 2, 2011 before the New Jersey Office of Administrative Law, wherein the plaintiffs sought, among other things: A) a complete and legible copy of J.M.'s educational file; B) independent educational evaluations; C) reimbursement of monies expended by J.M.'s guardians to provide him with necessary services; D) an I.E.P. that provides appropriate goals and objectives to J.M.; E) an appropriate program for J.M. based on his individual needs; F) appropriate and individualized placement for J.M.; G) reimbursement of out of pocket expenses and attorney fees paid by J.M.'s guardians; H) reimbursement of any and all monies paid by J.M.'s guardians for private therapies; I) reimbursement for costs expended by J.M.'s guardians due to the failure of Wall Township to provide J.M. with a FAPE; J) compensatory education for the time period that Wall Township knew or should have known that J.M. was not provided with individualized special education instruction; K) and any other relief the court deemed appropriate. Compl. Count One, ¶ 1A-K. On July 7, 2011, the plaintiffs and Wall Township entered into a settlement agreement before the Honorable Joseph Martone, A.L.J., wherein the parties agreed to place J.M. in the Lewis School. Compl. Count One, ¶ 1.

Because the Lewis School was unaccredited and unapproved by the DOE, Judge Martone would not approve the settlement. *Id.* The parties then appeared before the Honorable Jeff S. Masin, A.L.J. in an attempt to have the settlement approved. *Id.* On September 20, 2011, Judge Masin issued an interlocutory order denying the request for approval of the settlement agreement, finding that "there is no authority for an Order which will authorize the prospective placement of a classified student in a non-accredited private school," and declining "to approve the proposed placement [of J.M.] in the Lewis School." Compl. Count One, ¶ 2.

Since the ALJ's decision was adverse to this plaintiff, on October 3, 2011, plaintiff filed a complaint with this Court, against Wall Township, requesting relief under IDEIA. Compl. Count One, ¶ 9. There was no notice or service of this complaint given to the DOE or the ALJs. Wall Township filed its answer on October 21, 2011. Compl. Count One, ¶ 10. On March 9, 2012, the parties filed a Joint Motion for Summary Judgment requesting that the Settlement Agreement reached by the parties after the due process petition was filed by approved by this Court. Compl. Count One, ¶ 13; *J.M.* I, ECF No. 10. After oral argument, on May 4, 2012, this court issued an Order granting summary judgment and approving the July 7, 2011 Settlement. Compl. Count One, ¶¶ 15-16; *J.M.* I, ECF No. 12. However, that Order also provided that the DOE was free to seek reconsideration of the Order, as it had not been noticed of the proceedings. *J.M.* I, ECF No. 12. The Court was skeptical about the settlement when the ALJ and the DOE were not served. As a result, the DOE did, in fact, seek reconsideration of the May 4, 2012, Order, and after entering an appearance, on June 21, 2012, moved both for reconsideration of the May 4 Order and to intervene in the matter as a defendant. Compl. Count One, ¶¶ 18-22; *J.M.* I, ECF. Nos. 16-17. The motion to intervene was granted over plaintiffs' objection on October 26, 2012. Compl. Count One, ¶33; *J.M.* I, ECF No. 32. Oral argument of the motion for reconsideration

3

was heard before this Court on January 2, 2013. Compl. Count One, ¶ 35. The motion for reconsideration was denied, but the court set an additional hearing as to the allegation that the Lewis School was unaccredited and possibly an inappropriate educational setting for J.M. Compl. Count One., ¶¶ 35-36; *J.M.* I, ECF No. 40. After several days of proof hearings on the issue of the settlement and the appropriateness of the Lewis School as an educational setting for J.M., on March 4, 2013, this Court entered an Order, finding that the July 7, 2011 settlement agreement was reasonable and that the Lewis School was an appropriate facility for J.M. Compl. Count One, ¶ 42. The Order also denied the DOE's motion for reconsideration. *Id.* Although the DOE initially sought to appeal from the March 4, 2013, Order of this Court, on April 11, 2013, the DOE terminated that request. Compl., Count One, ¶¶ 43-44.

This complaint was filed as a new action[2] on July 25, 2013, after plaintiffs' attorney's request to both Wall Township and the DOE for reimbursement of attorney's fees expended in *J.M.* I went unanswered. Compl. Count One, ¶¶46-49. This Motion to Dismiss followed.

**DISCUSSION**

    I.    <u>Standard of Review</u>

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556

---

[2] It is unclear why a new action was filed, as opposed to a motion under the *J.M.* I docket. The ordinary procedure for filing an application for attorney's fees and costs is to file a motion with affidavits of services within thirty days of entry of an order or judgment. L. Civ. R. 54.2(a).

4

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir.), *cert. denied, Forbes v. Semerenko*, 531 U.S. 1149, 121 S. Ct. 1091 (2001). The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal citations and quotations omitted).

II.     **Timeliness of Complaint and Fee Application**

DOE has argued that, while the IDEIA allows for the recovery of attorney's fees and costs by a prevailing parent, the request for fees in this instance should be denied because the

DOE is an "innocent intervenor" pursuant to *Ind. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754 (1989). Plaintiff has argued that DOE is not an "innocent intervenor" under *Zipes*, largely because DOE's decision to attack the settlement agreement that was agreed to by plaintiff and Wall Township resulted in protracted litigation, in which plaintiff prevailed.

However, neither party has raised as an issue the procedural bar to this action. Under Fed. R. Civ. P. 54(d)(2)(A), "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." The Rule also provides that, "[u]nless a statute or a court order provides otherwise, the motion must . . . be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Local Civil Rule 54.2(a) extends the filing time for such a motion to 30 days from the entry of the judgment or order, unless further extended by leave of court. *Planned Parenthood of Cent. N.J. v. Atty. Gen. of N.J.*, 297 F.3d 253, 261 (3d Cir. 2002). Assuming that the complaint filed by the plaintiff in this action is equivalent to the procedural requirement of the post-judgment motion practice required under the Rules, plaintiff is out of time to file that request—in whatever form—as the Order of this Court under which plaintiff claims prevailing party status was entered on March 4, 2013, and the complaint in this action was filed more than four months later, on July 25, 2013. Simply put, even assuming the truth of the well-pleaded allegations of the complaint—that plaintiff is the prevailing party in the underlying litigation—plaintiff should have made an application for attorney's fees and costs to this Court on or before April 3, 2013. Failure of plaintiff to do so, or to request an extension of time in which to file such an application before that date, bars the application.

Because the application is procedurally time-barred by Fed. R. Civ. P. 54(d)(2)(B)(i) and L. Civ. R. 54.2(a), this Court does not reach the substantive arguments raised by DOE in its

Motion to Dismiss.

### III. Substance of the Fee Application

From a substantive standpoint, no fees should be awarded because (1) the State defendants are indispensable parties who were not named as parties to the underlying action by the plaintiff, and this caused some of the legal expense incurred; (2) since the Lewis School was not accredited, it became necessary for the Court to find that it was an appropriate institution, which required a day of hearings, and this added to the legal expense for acting outside of New Jersey law (*N.J.S.A.* 18A:46-14); and (3) the DOE presented a very substantial case about Lewis's failure to apply for accreditation which should have been addressed earlier in the proceedings. Accordingly, this Court finds that the DOE is an "innocent intervenor" under the analysis set forth in *Zipes*, 491 U.S. at 761-62.

### CONCLUSION

Plaintiff herein filed an untimely application for attorney's fees and costs by way of a new complaint against defendants Wall Township and DOE. Plaintiff's application is time-barred by Fed. R. Civ. P. 54(d)(2) and L. Civ. R. 54.2(a), whether made by motion or complaint, as it was filed more than four months after this Court rendered its judgment in the underlying action. Additionally, plaintiff's application for attorney's fees is substantively defective because the DOE was an "innocent intervenor." Therefore, plaintiff has failed to state a claim upon which relief may be granted, and defendant DOE's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 7] is GRANTED with prejudice. An Order will follow this opinion.

Dated: September 23, 2014

_____
PETER G. SHERIDAN, U.S.D.J.